HEATHER E. WILLIAMS
Federal Defender
LAURA MYERS
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
SEAN PRESTON BUTLER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN PRESTON BUTLER,<br><br>Defendant. | Case No. 1:24-cr-179-JLT-SKO<br><br>**STIPULATION AND ORDER TO MODIFY CONDITIONS OF PRETRIAL RELEASE;** |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel, Assistant United States Attorney Chan Hee Chu, counsel for plaintiff, and Assistant Federal Defender Laura Myers, counsel for defendant Sean Preston Butler, that Mr. Butler's conditions of release be modified to require participation in the WestCare Inpatient Treatment Program and subsequent electronic monitoring and home detention.

Mr. Butler was arraigned on an indictment on July 22, 2024. (Dkt. #15). On July 24, a magistrate judge ordered that he be released to the WestCare Inpatient Treatment Program upon a bed becoming available. (Dkt. #17). The court ordered that, upon completion of the WestCare Program, Mr. Butler be subject to electronic monitoring and home detention. (Dkt. #18 at 2). Mr. Butler was released to WestCare on August 13, 2024. (Dkt. #28). He completed the

1  program in November and returned home subject to the home-detention condition.

2  On February 3, 2025, the home-detention condition was modified to a curfew as

3  determined by Pretrial Services. (Dkt. #51).  Mr. Butler was placed on a curfew of 8:00 p.m. to

4  8:00 a.m. and fully adhered with his curfew requirements.

5  On March 28, 2025, Pretrial Services received confirmation from the national laboratory

6  that a urine sample Mr. Butler had submitted on March 14 was positive for D-Methamphetamine.

7  That day, after reporting to the Pretrial Services office as directed, Mr. Butler admitted to having

8  smoked methamphetamine before the March 14 test and two to three more times afterward.

9  While at the Pretrial Services office, he submitted a sample that yielded presumptive positive

10  results for methadone, amphetamines, and methamphetamines.  He has a prescription for

11  methadone.

12  Mr. Butler regrets his poor decision and his relapse, but he is committed to remaining

13  drug free going forward.  Prior to the positive drug test submitted on March 14, he had been in

14  compliance with all other release conditions in the seven months he had been on pretrial release.

15  This includes taking steps to clear up four outstanding failures to appear for traffic-related

16  matters, participating in two one-hour individual substance abuse counseling sessions per month,

17  and reporting for drug testing two times per month.

18  Given his overall compliance and his desire to remain drug free, the parties and the

19  Pretrial Officer are in agreement that Mr. Butler should be given a second opportunity to

20  participate in the WestCare Residential Program at this time.

21  A change-of-plea hearing is scheduled in this case on April 28, 2025.  (Dkt. #56).

Respectfully submitted,

MICHELE BECKWITH
Acting United States Attorney

Dated:  April 7, 2025          */s/ Chan Hee Chu*
CHAN HEE CHU
Assistant United States Attorney
Attorney for Plaintiff

|  |  |
|---|---|
|  | HEATHER E. WILLIAMS<br>Federal Defender |
| Date: April 7, 2025 | */s/ Laura Myers*<br>LAURA MYERS<br>Assistant Federal Defender<br>Attorney for Defendant<br>SEAN PRESTON BUTLER |

## **O R D E R**

Pursuant to the parties' stipulation, the Court hereby modifies the Order Setting Conditions of Pretrial Release for Sean Preston Butler [Dkt. #18, as modified by Dkt. #51] as follows:

1. You must participate in the substance abuse treatment program at WestCare inpatient facility and comply with all the rules and regulations of the program. You must remain at the inpatient facility until released by the pretrial services officer.  The location monitoring condition with curfew is terminated while participating in the WestCare inpatient program.

   a.    A responsible party, approved by Pretrial Services, must escort you to all required court hearings and escort you back to the inpatient facility upon completion of the hearing;

2. Upon successful completion of the WestCare inpatient program, you must participate in the following location monitoring program component and abide by all the requirements of the program, which will include having a location monitoring unit installed in your residence and a radio frequency transmitter device attached to your person. You must comply with all instructions for the use and operation of said devices as given to you by the Pretrial Services Agency and employees of the monitoring company. You must pay all or part of the costs of the program based upon your ability to pay, as determined by the pretrial services officer; HOME DETENTION: You must remain inside your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; or other essential activities pre-approved by

the pretrial services officer. Essential activities include haircuts, DMV appointments, banking needs, or other activities that cannot be completed by another person on your behalf.

    3. All other conditions previously imposed remain in full force and effect.

IT IS SO ORDERED.

Dated: **April 8, 2025**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE